F I L E D
CLERK OF COURT
2026 APR 24 AM 11: 51
SUPERIOR COURT
OF GUAM

IN THE SUPERIOR COURT OF GUAM

| | |
|---|---|
| PEOPLE OF GUAM,<br><br>v.<br><br>MICHAEL RAY ANGELO GUZMAN,<br>DOB: 06/10/2003<br><br>Defendant. | Criminal Case No. CF0570-23<br>GPD Report Nos. 23-12563 / 23-16858<br><br><br>DECISION AND ORDER<br>REVOKING<br>DEFENDANT'S PROBATION |

## INTRODUCTION

This matter came before the Honorable Alberto C. Lamorena, III on February 20, 2026 for a Revocation Hearing in the above-captioned matter related to Michael Ray Angelo Guzman's ("Defendant's") failure to abide by his probation terms. Defendant was represented by Assistant Public Defender Jocelyn Roden. The People of Guam were represented by Assistant Attorney General Lucas Wood. Having duly considered the Parties' briefs, oral arguments, and the applicable law, the Court now issues the following Decision and Order Revoking Defendant's Probation.

## BACKGROUND

On December 12, 2023, Defendant pled guilty to Theft of Property (as a Misdemeanor). See Judgment of Conviction (Jan. 9, 2024). A judgment was entered imposing the following relevant conditions of probation:

- **MANDATORY REPORTING:** Defendant shall report to the Adult Probation Office once a month in person, or as ordered by the Court or the Probation Office.

- **COUNSELING/TREATMENT:** Defendant shall report to Client Services and Family Counseling (CSFC) with the Superior Court of Guam for intake and assessment. Defendant shall comply with any treatment recommendations.

Decision and Order Revoking Defendant's Probation
CF0570-23, *People of Guam v. Michael Ray Angelo Guzman*
Page 1 of 6

- **COUNSELING/TREATMENT:** Defendant shall undergo and successfully complete a Theft Prevention Program.

- **COUNSELING/TREATMENT:** Defendant shall report to the Guam Behavioral Health & Wellness Center (GBHWC) for intake and assessment. Defendant shall comply with any treatment recommendations.

- **FINE:** Defendant shall pay a fine of five hundred dollars ($500.00) plus court costs of eighty dollars ($80.00). All or part of the fine imposed may be converted to community service at the prevailing minimum wage.

- **COMMUNITY SERVICE:** Defendant shall complete one hundred (100) hours of community service under the direction of the Adult Probation Office. All or part of the community service imposed may be converted into a fine at the current prevailing minimum wage.

- **COURT ORDERS:** Defendant shall comply with any court orders entered against Defendant, including orders of family court or any other local or federal court of competent jurisdiction.

- **LAWS:** Defendant shall obey all federal and local laws of Guam.

Id.

On June 28, 2024, a Violation Report was filed indicating that Defendant had violated several terms of his probation. See Violation Report (Jun. 28, 2024). The Court was informed that Defendant hadn't reported to the Adult Probation Office for several months, failed to attend or complete his counseling/treatment sessions at both CSFC and the Theft Prevention Program, failed to report to GBHWC for his initial intake/assessment, and failed to make any progress on paying off his fines/court costs or completing his community service hours. Id.

On August 5, 2024, this matter came before the Court for a Violation Hearing. However, Defendant was absent despite being summonsed to appear. See Summons (Jul. 17, 2024); Minute Entry (Aug. 5, 2024). A bench warrant was issued for Defendant's arrest, and Defendant spent the next half year on the run before his eventual arrest in April 2025. See Bench Warrant (Aug. 16, 2024); Return of Warrant (Apr. 25, 2025).

Decision and Order Revoking Defendant's Probation
CF0570-23, *People of Guam v. Michael Ray Angelo Guzman*
Page 2 of 6

On August 11, 2025, another Violation Report was filed indicating that Defendant had violated several terms of his probation. See Violation Report (Aug. 11, 2025). The Court was informed that Defendant hadn't reported to the Adult Probation Office for several months, failed to attend or complete his counseling/treatment sessions at both CSFC and the Theft Prevention Program, failed to report to GBHWC for his initial intake/assessment, and failed to make any progress on paying off his fines/court costs or completing his community service hours. Id.

On September 8, 2025, another Violation Report was filed. It was reported that Defendant had been arrested in CF0624-25 and indicted on charges of Burglary (as a 2nd Degree Felony), Theft of a Motor Vehicle (as a 2nd Degree Felony), Aggravated Assault (as a 3rd Degree Felony), Assault on a Peace Officer (as a 3rd Degree Felony), Theft of Property (as a Misdemeanor), Eluding a Police Officer (as a Misdemeanor), and Criminal Trespass (as a Petty Misdemeanor). See Violation Report (Sep. 8, 2025).

On November 25, 2025, another Violation Report was filed. The Court was informed that Defendant still hadn't made any substantial progress on completing his counseling/treatment sessions at GBHWC or the Theft Prevention Program, completing on community service hours, or paying off his fine/court costs. See Violation Report (Nov. 25, 2025).

On December 31, 2025, another Violation Report was filed. The Court was informed that Defendant still hadn't made any substantial progress on completing his counseling/treatment sessions at GBHWC or the Theft Prevention Program, completing on community service hours, or paying off his fine/court costs. See Violation Report (Dec. 31, 2025).

On January 15, 2026, the People filed their Motion to Revoke Defendant's Probation ("Motion"). The People base their request on Defendant's non-compliance with numerous probation conditions. See Motion (Jan. 15, 2026). Opposing the Motion, Defendant claims he can still complete the terms of his probation if given another chance. See Opposition to Motion (Jan. 29, 2026).

On February 20, 2026, the Court held a Revocation Hearing and subsequently took the matter under advisement. See Minute Entry (February 20, 2026).

## DISCUSSION

Decision and Order Revoking Defendant's Probation
CF0570-23, *People of Guam v. Michael Ray Angelo Guzman*
Page 3 of 6

Guam law specifies the procedures that the Court must follow for revocation of probation. The relevant statute, in its entirety, states as follows:

> [T]he court, if satisfied that the offender has inexcusably failed to comply with a substantial requirement imposed as a condition of the order may revoke the suspension or probation and sentence or re-sentence the offender. Violation of a condition shall not result in revocation, however, unless the court determines that revocation under all the circumstances then existing will best satisfy the ends of justice and the best interests of the public.

See 9 G.C.A. § 80.66(a)(2) (1980).

The process for revoking an offender's probation has been further explained by the Guam Supreme Court as follows:

> Probation revocation is a two-step process. First, the trial court must make a factual determination that a violation of probation actually has occurred. If a violation is proven, then the Court must determine if the violation warrants revocation of the probation.

See *People of Guam v. Camacho*, 2009 Guam 6 ¶ 27 (internal citations omitted). To revoke a defendant's probation, evidence and facts presented to the Court must be "reasonably necessary to satisfy the judge that the probationer's conduct has not been as required by the conditions of probation." Id. at ¶ 30 (*citing People v. Angoco*, 1998 Guam 10).

The Court also cannot order revocation unless the offender is provided with written notice of grounds for revocation of probation. See 9 G.C.A. § 80.68(a). At the hearing, the offender shall "have the right to hear and controvert the evidence against him, to offer evidence in his defense and to be represented by counsel." Id. Should the Court revoke an offender's probation, "it may impose on the offender any sentence that might have been imposed originally for the crime of which he was convicted." See 9 G.C.A. § 80.66(b).

It remains undisputed that Defendant violated his probation conditions and that there is probable cause to support the violations. Defendant failed to make any progress on paying off his fines and court costs or completing his community service. See Violation Reports (Jun. 28, 2024,

Decision and Order Revoking Defendant's Probation
CF0570-23, *People of Guam v. Michael Ray Angelo Guzman*
Page 4 of 6

Aug. 11, 2025, Nov. 25, 2025, & Dec. 31, 2025). Defendant also violated the terms of his counseling/treatment sessions, having failed to regularly attend both the Theft Prevention Program and his treatment sessions at CSFC. Id. Defendant also failed to regularly report to the Adult Probation Office. Id. Defendant also disobeyed this Court's orders by failing to attend required court hearings. See Minute Entry (Aug. 5, 2024). Perhaps most concerning of all is Defendant's failure to follow the laws of Guam, as he was arrested in CF0624-25 on several serious felony charges involving violence and property damage. See Violation Report (Sep. 8, 2025).

Having found that Defendant was in violation of his probation requirements, the next question the Court must resolve is whether "revocation under all the circumstances . . . will best satisfy the ends of justice and the best interests of the public." See 9 G.C.A. § 80.66(a)(2).

Based on a review of the record, Defendant has exhausted the trust of the Court by violating numerous probationary conditions. The nature of these violations suggest Defendant was never serious about completing the terms of his probation. For example, Defendant has made zero progress on paying off his fines/court costs or completing his community service. Defendant even failed to complete his preliminary intake/assessment at GBHWC. If Defendant is unwilling to attend even a preliminary meeting, he cannot be trusted to complete any long-term treatment recommendations GBHWC may make. Defendant has also demonstrated his unwillingness to follow this Court's orders, suggesting he won't comply with future orders from this Court or the Adult Probation Office.

Were probation continued, it appears unlikely that any significant progress would be made in positively altering Defendant's behavior and ensuring compliance with the Court's orders. Therefore, the Court finds that revocation is in the public's best interest and satisfies the ends of justice. See 9 GCA § 80.66(a)(2).

## CONCLUSION

Decision and Order Revoking Defendant's Probation
CF0570-23, *People of Guam v. Michael Ray Angelo Guzman*
Page 5 of 6

For the reasons stated above, the Court hereby **REVOKES** the Defendant's probation in the above-captioned matters. The Defendant is hereby **SENTENCED** to **one (1) year incarceration** at the Department of Corrections, Mangilao with credit for time served. After the completion of the Defendant's sentence the Court shall close the above-captioned case.

**IT IS SO ORDERED** this    April 24, 2026



_____
**HONORABLE ALBERTO C. LAMORENA III**
**Presiding Judge, Superior Court of Guam**

SERVICE VIA E-MAIL
I acknowledge that an electronic copy of the original was e-mailed to:

**AG, PDSC**
_____
Date: 4/24/26  Time: 12:00pm

Antonio A Cruz
Deputy Clerk, Superior Court of Guam

Decision and Order Revoking Defendant's Probation
CF0570-23, *People of Guam v. Michael Ray Angelo Guzman*
Page 6 of 6